IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-14-33 |
| | * | |
| TERRENCE TYRELL MAJOR | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Terrence Tyrell Major is a federal prisoner who is serving a 115-month sentence for armed robbery. (ECF 40 (Judgment)). Now pending is Major's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 52).[1] The government opposes the motion. (ECF 56), and Major has replied, (ECF 57).[2] For the reasons explained below, the motion will be denied.

**BACKGROUND**

On the evening of October 3, 2013, Major walked into the KFC Restaurant in Linthicum Heights, Maryland wearing a ski mask and a backpack, brandished a BB gun, and demanded that the cashier give him the money. (ECF 29 (Plea Agreement)). Major grabbed the cashier, struck her in the face, and threatened to shoot her. (*Id*.). Major then took a syringe from his pocket and threatened to stab the cashier with the syringe, which he said was infected with AIDS. (*Id*.). The cashier opened the register and Major took approximately $650. (*Id*.).

Major pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). He was sentenced to 115 months' imprisonment, followed by a three-year term of supervised

---

[1] Major previously filed a pro se motion for sentence reduction and First Step Act relief. (ECF 48). The arguments in the pro se filing were incorporated into the motion filed by counsel (ECF 52).
[2] Major also filed supplemental correspondence. (ECF 58).

1

release.

Major requests compassionate release on the basis that his underlying health conditions place him at greater risk of serious illness related to COVID-19. The government does not contest that at least one of Major's underlying conditions constitutes an "extraordinary and compelling reason" for compassionate release, (ECF 56 at 10), nor does the government contest that Major's motion is properly before the court.[3] The only issue is whether the § 3553(a) factors weigh in favor of such a reduction.

**DISCUSSION**

The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." See 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief based on Major's history and characteristics and the court's conclusion that Major remains a danger to the community. *See* § 3553(a)(1), (2)(C). Major was convicted of a violent, armed robbery, and it appears this was not the first time Major has engaged in such conduct. (*See* ECF 56 at 13–14 (describing history of prior armed robberies)). Major's post-sentencing conduct, which "provides the most up-to-date picture of [his] 'history and characteristics,'" *see Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)), also weighs against granting relief. BOP disciplinary records reflect that Major was sanctioned for possession of a weapon in 2019. (ECF 56-4). And, in light of his assertion that his past violent behavior was related to addiction, (*see* ECF 52 at 13–14), Major's multiple infractions for use and possession of narcotics are of particular concern to the court, (*see*

---

[3] On April 10, 2020, Major filed a request for a reduction in sentence with the warden of USP Canaan, the facility where he is incarcerated. The warden denied the motion. (ECF 52-3). This constitutes exhaustion of administrative remedies within the meaning of the compassionate release statute.

2

ECF 56-4). Accordingly, the court concludes that Major is not an appropriate candidate for compassionate release.

## CONCLUSION

For the reasons explained above, Major's motion for compassionate release will be denied. The associated motions to seal will be granted to protect the confidentiality of personal medical information. A separate order follows.

| | |
|---|---|
| __7/10/20_____ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |